**[This opinion has been published in *Ohio Official Reports* at 69 Ohio St.3d 468.]**

OFFICE OF DISCIPLINARY COUNSEL *v*. MARTIN.

[Cite as *Disciplinary Counsel v. Martin*, 1994-Ohio-105.]

*Attorneys at law—Misconduct—One-year suspension with last six months stayed with conditions—Conviction for drug abuse.*

(No. 94-492—Submitted April 19, 1994—Decided June 22, 1994.

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 93-44.

———————————

{¶ 1} In a complaint filed on April 16, 1993, relator, Office of Disciplinary Counsel, charged that respondent, Linda Sue Martin of Youngstown, Ohio, Attorney Registration No. 0025597, had violated DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude) and 1-102(A)(6) (engaging in conduct that adversely reflects on attorney's fitness to practice law). Respondent stipulated to her conviction for having violated R.C. 2925.11 (drug abuse), the fourth-degree felony on which both counts of misconduct were based.[1] The matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court on December 9, 1993.

{¶ 2} The parties stipulated to the events underlying respondent's conviction as follows:

"* * * On November 7, 1989, at 2:30 a.m., Respondent was stopped for a traffic violation. An outstanding arrest warrant for failing to appear on a prior traffic incident was still open. During a search of Respondent's person, a piece of paper containing cocaine was found in her jacket pocket.

---

1. Respondent was found guilty of the drug abuse charge in August 1991, but the conviction was not reported by the judge who entered it as required by former Gov. Bar R. V(9)(a)(i), now Gov.Bar R. V(5)(A)(1). Thus, the suspension authorized by Gov.Bar R. V was not invoked until July 9, 1993, after respondent, herself, provided notice of her conviction.

"* * * On January 29, 1990, Respondent was indicted by the Cuyahoga County Grand Jury for one count of Drug Abuse * * * in violation fo ORC 2925.11. On April 30, 1990, Respondent filed a Motion for Treatment in Lieu of Conviction (ORC 2951.04.1), which was granted on October 24, 1990. Respondent was ordered into rehabilitation for two years, including a drug treatment program.

"* * * Approximately four (4) months later, Respondent failed to pass a urinalysis drug screen. On February 22, 1991, she was ordered into an in-patient treatment program.

"* * * On August 1, 1991, Respondent tested positive for cocaine again[,] which led to her being found in violation of her probation on August 12, 1991. The Court found her guilty of the original Drug Abuse charge, then sentenced [her] to the Ohio Reformatory for Women for six months. Her sentence was suspended, and she was placed on probation for two years, ordered to attend AA/NA [Alcoholics Anonymous and Narcotics Anonymous] and to complete an in-patient drug program. Respondent has successfully completed probation."

{¶ 3} At the hearing, respondent testified about her life prior to her conviction and the changes she has made since that time. Respondent graduated from law school in December 1981, but has never practiced law. She instead worked as a sales manager, and later, a stock broker until she was laid off in 1988. Respondent then became a restaurant bartender, the job she held at the time of of her arrest.

{¶ 4} Respondent spent nineteen days in jail awaiting a hearing after violating her probation the second time. When her sentence was suspended, she was ordered to complete a minimum stay of ninety days at a halfway house. She stayed there voluntarily for three more months, receiving counseling and group therapy for what she recognized to be a drug and alcohol addiction. Respondent moved back in with her parents after leaving the halfway house in February 1992.

{¶ 5} Respondent continued to attend counseling sessions twice a week at the halfway house for more than one year after her release. Now she regularly attends AA meetings and is a sponsor of other members. In August 1993, she entered the Ohio Lawyers' Assistance Program, which requires her to submit to random substance abuse testing. Respondent was released from her probation in December 1992, eight months early, and was described by her parole officer as a model of compliance.

{¶ 6} Numerous testimonials as to respondent's prognosis for continued recovery were submitted for the panel's consideration. Respondent's professional acquaintances, friends, and family offered their support and confidence in her ability to remain drug and alcohol free. Respondent also described her renewed commitment to practicing law.

{¶ 7} The panel found that respondent had violated the Disciplinary Rules as charged in the complaint. Due to the evidence of respondent's recovery, it accepted a joint recommendation from the parties that she be suspended from the practice of law for one year, with six months of that period to be suspended on the condition that she completes a probation period. However, the panel decided in favor of a three-year probation period, rather than the two-year probation recommended jointly, during which respondent is to maintain her membership in the Ohio Lawyers' Assistance Program, to continue her regular attendance at AA/NA meetings, and to periodically submit to random testing for drug and alcohol use. The panel also recommended that respondent be given credit for the interim suspension imposed on July 9, 1993 as a result of her conviction.

{¶ 8} The board adopted the panel's findings and its recommendation.

_____

*Geoffrey Stern*, Disciplinary Counsel, and *Sally Ann Steuk*, Assistant Disciplinary Counsel, for relator.

*Charles W. Kettlewell*, for respondent.

―――――――――――

***Per Curiam.***

{¶ 9} We have reviewed the record and concur in the board's findings and recommendation, except for the proposed credit for respondent's interim suspension. Therefore, we find that Linda Sue Martin violated DR 1-102(A)(3) and (6), and she is hereby suspended from the practice of law for one year, with the last six months of that period to be stayed in favor of the probation period and conditions recommended by the board. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

―――――――――――